# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRANDON POWELL, SR.**                               **CIVIL ACTION**

**VERSUS**

                                                      **NO. 24-569-SDD-RLB**

**THE UNITED STATES OF AMERICA**
**ON BEHALF OF THE**
**SOCIAL SECURITY ADMINISTRATION**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 17, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRANDON POWELL, SR.**                                   **CIVIL ACTION**

**VERSUS**
                                                         **NO. 24-569-SDD-RLB**
**THE UNITED STATES OF AMERICA**
**ON BEHALF OF THE**
**SOCIAL SECURITY ADMINISTRATION**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Unites States of America on behalf of the Social Security

Administration's ("United States") Motion to Dismiss for Insufficient Service of Process and

Lack of Personal Jurisdiction. (R. Doc. 8). The deadline for filing an opposition has expired. LR

7(f); *see* Fed. R. Civ. P. 6(d). Accordingly, the instant Motion to Dismiss is unopposed.

## I.    Background

This removed action was initiated by a third-party pleading entered in a state family court

matter originally brought by the State of Louisiana, Department of Children and Family Services

("DCFS") on June 15, 2020, in Docket No. F-221856, Division D of the Family Court, in the

Parish of East Baton Rouge ("Family Court"). DCFS brought the underlying action in Family

Court to obtain a judgment requiring Brandon Powell, Sr. ("Powell" or "Defendant") to pay

medical and child support with respect to two minor children. (R. Doc. 1-2 at 16-18). The DCFS

brought the underlying action pursuant to their authority under Louisiana Revised Statute

26:236, which provides the following:

> In order to extend and improve services, aid, and care to needy children and needy
> families with children in this state, and in order to take full advantage of existing
> federally funded programs on a matched basis, the Department of Children and
> Family Services shall be the agency of the state of Louisiana to cooperate with the
> United States and to administer Title IV-A, Sections 403 and 406 of the Social
> Security Act (42 U.S.C. 603 and 606) or any amendments thereto, relating to

emergency assistance to needy families with children, and to receive and expend federal moneys for these services.

La. R.S. 46:236.

On November 27, 2023, Powell filed an "Answer" in which he denied that he owes

DCFS "what is claimed," further stating, among other things, the following:

The state has failed to meet the requirements of Federal law 42 U.S.C. [§] 603(5)(c)(iii)(III). I did not consent, commit, or enroll into any program or express agreement. Therefore, the Social Security Administration is responsible for [its] own debt.

. . .

The SSA [the Social Security Administration] is required by 5 U.S.C. § 301 to remit future and or past payments penalties and interest in full to [Powell].

(*See* R. Doc. 1-6). Based on the foregoing filing, it appears that Powell sought to bring a third-

party claim against the SSA in the Family Court matter.

The next day, the Family Court judge issued a judgment modifying Powell's child

support obligation:

The Court, rendered judgment modifying Brandon Powell, Sr.'s child support in the amount of $350.00 per month, payable in two equal semi-monthly installments on the 1st and 15th of each month commencing October 1, 2023, retroactive to April 4, 2023.

(R. Doc. 1-5 at 29). The Family Court judge took no action with respect to Powell's third-party

claim against the SSA.

About six months later, on or about May 28-30, 2024, Powell filed an "Entry of Default"

in the Family Court "pursuant to Federal Rules of Civil Procedure 55(a)" with respect to the

foregoing third-party claim against the SSA. (R. Doc. 1-6 at 14). In support of entry of default,

Powell submitted purported proof of service of process on the SSA "via certified mail system"

2

and/or "via USPS First Class Mail" at the following address: Social Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235. (*See* R. Doc. 1-6 at 15-22).

On May 30, 2024, the Family Court noted on its docket that the foregoing Entry of Default "is not a family matter" and has not otherwise taken any action on the motion. (*See* R. Doc. 1-2 at 1) ("MTN PRELIMINARY DEFAULT-FAM – JUDGE'S OFFICE STATES THAT THIS IS NOT A FAMILY MATTER").

On July 12, 2024, the United States removed this action pursuant to 28 U.S.C. § 1442. (R. Doc. 1). In the Notice of Removal, the United States represents that, pursuant to Section 1442(d)(1), "the United States is *only* removing proceedings from the underlying state court action that seek an order or other relief against the SSA. No other proceedings are being removed, and the state court shall retain jurisdiction over all other claims and proceedings in the underlying state court action." (R. Doc. 1 at 4). Plaintiff has not sought remand of this removed action.

After removal, the United States sought and obtained an extension of the deadline to file responsive pleadings to the extent required pursuant to Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure. (*See* R. Docs. 3, 4). Powell then sought entry of default, which the Clerk's Office denied. (*See* R. Docs 6, 7).

On August 8, 2024, the United States filed the instant Motion to Dismiss, which seeks an order dismissing this action for insufficient service of process and lack of personal jurisdiction. (R. Doc. 8). First, the United States argues that the proceeding must be dismissed under Rule 12(b)(5) for insufficient service of process because Powell failed to serve the United States in accordance with Rule 4(i)(1). (R. Doc. 8-1 at 4-5). Second, the United States argues that the proceeding must be dismissed under Rule 12(b)(2) because, the Court lacks personal jurisdiction

3

over the United States given the lack of proper service. (R. Doc. 8-1 at 5-6). As stated above, Powell failed to oppose the instant motion.

## II.    Law and Analysis

Section 1442(a)(1) provides that a "civil action . . . that is against or directed to . . . [the United States or any agency thereof] . . . may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1). Section 1442(d)(1) defines the term "civil action" to include "any proceeding (whether or not ancillary to another proceeding) to the extent that in such a proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no basis for removal, only that proceeding may be removed to the district court." 28 U.S.C. § 1442(d)(1). Here, the SSA has removed what appears to be a third-party demand seeking a judgment from the SAA notwithstanding the issuance of a judgment in the underlying Family Court proceeding. The Fifth Circuit has specifically recognized that Section 1442 allows removal by third-party defendants. *See IMFC Pro. Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1982).

Powell has not sought remand of this action for lack of subject matter jurisdiction. Even if Powell had raised such an issue, it is proper for the Court to address personal jurisdiction prior to subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("We hold that in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy. Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry.").

4

Accordingly, the Court will consider whether dismissal of this action is appropriate for lack of proper service.

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990). The fact that the plaintiff is proceeding *pro se* does not excuse the failure to properly effect service of process. *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000).

Service of process upon a United States agency is governed by Rule 4(i)(2) of the Federal Rules of Civil Procedure. "To serve a United States agency . . . ., a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Here, Powell only purports to have served the SAA, although it is unclear form the record whether service was by certified or First-class mail. At any rate, Powell has failed to submit any evidence that he has served the United States.

To serve the United States, a party must meet the requirements of Rule 4(i)(1), which requires, in relevant part, a party to do the following:

**(A)**    **(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]

**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(l)(A)-(B). The United States has submitted declarations in support of a finding that Powell neither served the U.S. Attorney for the Middle District of Louisiana or the U.S. Attorney General as required for service upon the United States. (R. Docs. 8-3, 8-4). Powell does not dispute these declarations or otherwise submit evidence that he has properly served the United States.

Furthermore, in removed actions, a defendant must be served within 90 days after the date of removal to meet the requirements of Rule 4(m). *See Lantz v. State Farm Mut. Auto. Ins. Co.*, No. 16-318, 2017 WL 662989, at *4 (M.D. La. Feb. 17, 2017) (citing cases). This action was removed on July 12, 2024. (R. Doc. 1). Accordingly, at the latest, service on the United States was due on or before October 10, 2024, which is 90 days after the date of removal. Again, Plaintiff does not submit any opposition in support of a finding that service was made either within the six-month period prior to removal or within the 90-day period after removal.

Where the plaintiff fails to serve within 90 days of removal, "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

"When service of process is challenged, the serving party bears the burden of proving good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation and internal punctuation omitted). "Proof of good cause requires at least

as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* "Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.*

It is axiomatic that the rules which govern service of process are applied more leniently to pro se litigants. *Mayeaux v. McKee*, No. 14-72, 2014 WL 7186275, at *2 (M.D. La. Dec. 16, 2014) (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). "Nonetheless, when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may properly be dismissed." *Id.* (citing *Holly v. Metropolitan Transit Authority*, 213 Fed. App'x 343, 343 (5th Cir. 2007); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

Having considered the record, however, the Court does not find that good cause or any other basis to provide Powell an additional opportunity to serve the United States with respect to this removed proceeding. Plaintiff altogether failed to file any opposition to the instant motion. Plaintiff was made aware of potential service deficiencies on July 12, 2024, when the United States filed its Notice of Removal. (*See* R. Doc. 1). Powell has failed to put forth any evidence of his efforts to properly serve the United States, and the failure of effective service can only be ascribed to Powell's "inaction." *Rochon*, 828 F.2d at 1109-10.

Furthermore, while the Court will not reach the merits of Powell's claims, the Court observes that the Family Court has issued a final judgment in the underlying action.

**III.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that the United States of America on behalf of the Social

Security Administration's Motion to Dismiss for Insufficient Service of Process and Lack of

Personal Jurisdiction (R. Doc. 8) by **GRANTED**, and this proceeding be **DISMISSED**

**WITHOUT PREJUDICE.**

Signed in Baton Rouge, Louisiana, on October 17, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**